# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JONATHAN HUFF,**

> **Plaintiff,**

**vs.**                                    **CASE NO.  4:24-CV-00141-AW-MAF**

**RICKY DIXON, SEC'Y OF
FLA. DEP'T OF CORR.,**

> **Defendant.**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Jonathan Huff, a prisoner proceeding *pro se*, initiated this civil rights case by filing a complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) followed by an amended complaint and, then, a *second* amended complaint. ECF Nos. 1, 6, 11. Plaintiff also refiled a motion to proceed *in forma pauperis*, which is due to be **GRANTED**.[1] ECF No. 12. The Court screened Plaintiff's second amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's claims liberally. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404

_____

[1] Plaintiff submitted his inmate account statements in an earlier IFP motion; therefore, he was not required to resubmit them. See ECF No. 7.

U.S. 519, 520 (1972)). The second amended complaint remains legally insufficient; and, for the third time, Plaintiff did not fully disclose his litigation history. ECF No. 11. For the reasons stated, it is recommended that the case be dismissed and closed.

## I.   Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II.   Procedural History

Plaintiff initiated this case against Ricky Dixon, Secretary of the Florida Department of Corrections (FDOC), solely in his official capacity. ECF No. 1. Plaintiff challenged the FDOC's grooming policy, which he claims does not allow inmates to grow fist-length beards in accordance with their religious beliefs. Id. As a Muslim, Plaintiff is obligated to grow a fist-length beard; and

the failure to do so is a sin. Id. Plaintiff did not identify any incidents in which he was denied an exemption from the grooming policy and did not provide any facts showing that any prison official interfered with him growing a beard, punished him, or forced him to comply with policy. Id. More importantly, Plaintiff did not fully disclose his federal litigation history as required in Section VIII. Id., p. 11. He claimed he only filed one case in state or federal court challenging his conviction or relating to the conditions of his confinement, M.D. Fla. 8:22-cv-1511-WFS-AEP, Huff v. Sec'y FDOC, a federal habeas case. Id., p.11. This was incorrect. Plaintiff also filed N.D. Fla. Case No. 3:19-cv-00473, Huff v. Jones, et al., and at least one case in Escambia County.

Notwithstanding the discrepancy about the litigation history, the Court found Plaintiff's complaint legally insufficient and ordered him to amend certain deficiencies. Specifically, Plaintiff did not state sufficient facts to support a prima facie case and could not seek monetary relief under RLUIPA. ECF No. 5. The Court also advised Plaintiff "[a]ll sections of the complaint form must be completed including the disclosure of Plaintiff's litigation history . . . Any affirmative misrepresentations will result in the dismissal of this case." Id., p. 8.

Case No.  4:24-CV-00141-AW-MAF

Plaintiff filed an amended complaint and presented his claims in a similar manner to the initial complaint. ECF No. 6. Plaintiff claimed, generally, he was forced, threatened, and assaulted for failing to comply with the grooming policy, but he did not provide any facts about those incidents – no names, dates, or other details. Id., p. 6. Section VIII, Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" Id., p. 10. Plaintiff answered, "yes," and listed M.D. Case No. 8:22-cv-1511-WFS-AEP (the same case he listed in the initial complaint). Id., p. 10. This is false; it is a habeas case. Plaintiff also listed Escambia County Case No. 2021-CA-162, Huff v. Fla. Dep't of Corr., as dealing with the same facts or issues involved in the instant case. Id. Not true. Plaintiff's Escambia County case challenged prison disciplinary actions, alleged sexual harassment by an official, and resulted in a settlement. Section VIII, Question C asks: "Have you filed any other lawsuit, habeas corpus petition or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Plaintiff answered, "no," which is false. Again, Plaintiff omitted N.D. Fla. Case No. 3:19-cv-00473.

For the second time, the Court identified the deficiencies and ordered Plaintiff to amend. ECF No. 8. The Court warned Plaintiff, if he made

affirmative misrepresentations about his litigation history, this case would be dismissed. <u>Id.</u>, p. 9.

Plaintiff filed a second amended complaint, again, objecting to the FDOC's grooming policy without setting forth any facts showing that he was somehow prevented from growing a fist-length beard or otherwise punished and seeking injunctive and monetary relief. ECF No. 11, pp. 5-7. Again, regarding Plaintiff's litigation history, he listed the Middle District of Florida case and the Escambia case but did not disclose his case from the Northern District of Florida. <u>Id.</u>, p. 11.

## III.   Discussion

### A. <u>Plaintiff's Affirmative Misrepresentations</u>

Plaintiff's *pro se* status does not excuse him from conforming to the Rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

"Section VIII, Prior Litigation" provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on***

> ***the side of caution if you are uncertain whether a case should be identified.***

ECF No. 11, p. 8. Question C states, "Have you filed any other lawsuits or appeals in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10.  Plaintiff answered, "yes," but as explained above, he did not disclose all his federal cases. Id., p. 11. Plaintiff disclosed only ***one*** federal case in his second amended complaint. Id.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. Yet, three times in this case, he failed to properly disclose his litigation history and made affirmative misrepresentations. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. This is particularly true with *this Plaintiff* given his stubborn refusal to comply despite multiple orders from the Court. If word spread around the prisons that the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

Case No.  4:24-CV-00141-AW-MAF

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service). Plaintiff will not be prejudiced by this dismissal. He may initiate a new case, on the Court's complaint form, containing the requisite disclosures about his litigation history, and subject to a separate case number and filing fee.

B. <u>Failure to Comply with Court Orders</u>

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." <u>Id.</u> Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. <u>See</u> <u>Freeze v. Sec'y, Dep't of Child. and Fams.</u>, 825 F. App'x 606, 610 (11th Cir. 2020) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

Twice, the Court advised Plaintiff of the proper way to proceed, but Plaintiff did not comply. Plaintiff's initial complaint, first amended complaint, and second amended complaint were all legally insufficient because no facts alleged that any violation occurred. The presence of a policy without more will not cure the deficiencies. Under Federal Rule of Civil Procedure 15.1, Plaintiff may be entitled to amend his complaint once, as a matter of course, before serving any defendant, but he is not entitled to multiple amendments

without setting forth any factual basis for his claims. Such defiance to this Court's orders need not be tolerated. Id. As such, dismissal is appropriate.

## IV.    Conclusion and Recommendation

Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 12 is **GRANTED**.

For the reasons stated, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i). See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 13th day of May 2024.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may

respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).